

IN THE UNITED STATES DISTRICT COURT     FILED: **8/13/07**
FOR THE EASTERN DISTRICT OF TEXAS   U.S. DISTRICT COURT
SHERMAN DIVISION     EASTERN DISTRICT COURT
    DAVID J. MALAND, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | CRIMINAL NO. 4:06CR276 |
| § | |
| SONJA RITZ (2) § | |

## ORDER DENYING DEFENDANT SONJA RITZ'S MOTION FOR A PRE-TRIAL *JAMES* HEARING

Pending before the court is Defendant Sonja Ritz's "Motion for a *James* Hearing" (docket entry #47) and the Government's response in opposition thereto (docket entry #48). On July 26, 2007, the court conducted a telephonic hearing on the record with counsel for all parties present. Having considered the briefing of the parties and the arguments of counsel, the court finds that the Defendant's motion should be denied.

In her motion, the Defendant requests that the court conduct a pre-trial *James* hearing to determine the admissibility of all alleged co-conspirator statements under Rule 801(d)(2)(E) of the Federal Rules of Evidence. The Government argues, however, that a pre-trial *James* hearing is not required. Additionally, the Government contends that a pre-trial *James* hearing would be unduly burdensome and costly in light of the fact that it would be required to produce over thirty witnesses, some of whom would be required to travel from as far as California and Vermont, for the pre-trial hearing and then again at trial.

The court agrees with the Government. The *James* court advised that whenever reasonably practicable, a trial court should "'require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a coconspirator.'" *United States v. Fragoso*, 978

F.2d 896, 900 (5th Cir. 1992), citing *United States v. James*, 590 F.2d 575, 582 (5th Cir.), *cert. denied*, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979). The *James* court, however, "also recognized that it is sometimes not reasonably practicable 'to require the showing to be made before admitting the evidence.'" *Id*., citing *James, supra*. As a result, the Fifth Circuit "has approved district courts' practice of carrying a *James* motion through trial or at least through presentation of the government's case until a determination of the existence of the Rule 801(d)(2)(E) predicate facts can be appropriately made." *Id*. (citations omitted).

Based on the foregoing, the court is inclined to carry the Defendant's *James* motion through the presentation of the Government's case-in-chief. It is, therefore,

**ORDERED** that Defendant Sonja Ritz's "Motion for a [pre-trial] *James* Hearing" (docket entry #47) is **DENIED**.

IT IS SO ORDERED.

**SIGNED this the 13th day of August, 2007.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE